UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TONY ALLEN TUCKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04643-TWP-MPB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Tony Allen Tucker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained in this Entry, Mr. Tucker's petition for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I.
Background**

Mr. Tucker was sentenced in Indiana state court on December 29, 2004, to 16 years' imprisonment for armed robbery and conspiracy to commit armed robbery. He was released on parole on June 13, 2017. A few months later, Mr. Tucker was charged with a parole violation, and on December 5, 2017, he was found guilty.

Mr. Tucker filed this action pursuant to 28 U.S.C. § 2254 challenging his parole revocation on December 15, 2017. He raises several issues regarding his parole revocation, his parole officer, and his conditions of parole. Mr. Tucker's habeas petition is fully briefed and ripe for decision.

## II.
## Discussion

The respondent argues that Mr. Tucker failed to exhaust his state court remedies before bringing this action in federal court. Mr. Tucker contends that prison officials told him he could not appeal his parole revocation, but the respondent argues that an improper parole revocation may be challenged through an action for post-conviction relief in state court.

Petitioners must exhaust their state court remedies before filing a habeas petition in federal court. *See* 28 U.S.C. § 2254(b)(1). This requirement means that "federal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). Although Mr. Tucker was told he could not appeal the parole revocation, the respondent is correct that he could have challenged the parole revocation in a state court post-conviction proceeding. *See* Ind. Post-Conviction Rule 1(1)(a)(5) ("Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his . . . probation, parole or conditional release unlawfully revoked . . . may institute at any time a proceeding under this Rule to secure relief."); *see also Mills v. State*, 840 N.E.2d 354, 357 (Ind. Ct. App. 2006).

Mr. Tucker does not dispute that he did not file a petition for post-conviction relief in state court before filing this action. Instead, in his reply, he essentially argues that it should not matter whether the state court or this Court decides the issues he has presented. Unfortunately for Mr. Tucker, § 2254(b)(1) does not give this Court the authority to decide the issues he has presented unless he has first raised them through one complete round of review in state court. *See Johnson*,

786 F.3d at 504.  Accordingly, the claims raised in his habeas petition must be dismissed without prejudice.

The Court notes that dismissal without prejudice means Mr. Tucker can bring these claims again in federal court once he has exhausted his state court remedies.  He should note, however, that the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) has not been paused or tolled while this action has been pending.

### III.
### Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted).  Mr. Tucker has encountered the hurdle produced by the exhaustion requirement.  His petition for a writ of habeas corpus is therefore **denied without prejudice**.

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Tucker has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/1/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TONY ALLEN TUCKER
952181
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Jarod Zimmerman
INDIANA ATTORNEY GENERAL
Jarod.Zimmerman@atg.in.gov